**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11161

Non-Argument Calendar

————————————————

JOSE TOBIAS BARRERA-CASTILLO,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A202-081-250

————————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and WILSON, Circuit Judges.

PER CURIAM:

Jose Tobias Barrera-Castillo, a native of El Salvador, petitions for review of an order affirming the denial of his applications

for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board of Immigration Appeals ruled that Barrera-Castillo was ineligible for asylum and withholding of removal because he failed to establish a nexus to a protected ground under the Act. Barrera-Castillo argues that the Board erred when it found that the harm he feared from the Mara Salvatrucha, a Salvadoran gang, was not based on either his membership in a particular social group or his expression of a political opinion. He also argues that the Board failed to consider his arguments and evidence; it applied a higher standard of proof to his request for asylum; and it erred when it exercised jurisdiction despite a defective notice to appear. No reversible error occurred. We deny the petition.

We review the decision of the Board unless it "expressly adopted or agreed with the immigration judge's decision." *Hasan-Nayem v. U.S. Att'y Gen.*, 55 F.4th 831, 842 (11th Cir. 2022). We review legal conclusions *de novo* and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, we "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* (citation and internal quotation marks omitted). We will not disturb factual findings that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). The "mere fact that the record may support a contrary conclusion is insufficient to justify reversal." *Id.* (citation and internal quotation marks omitted).

25-11161                Opinion of the Court                3

The Board gave reasoned consideration to Barrera-Castillo's arguments and evidence. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874-75 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023) ("[T]he [Board]'s order is capable of review. It lists the basic facts of the case, references the relevant regulatory and statutory provisions on which the order is based, and accepts several grounds on which the [i]mmigration [j]udge properly denied the [applications]."); *see also INS v. Bagamasbad*, 429 U.S. 24, 97 (1976) ("[A]gencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And substantial evidence supports the finding that Barrera-Castillo did not establish that any past harm was or any feared harm would be on account of his membership in a particular social group or a political opinion. Because the Board agreed with the immigration judge on this finding, we review both decisions. *See Hasan-Nayem*, 55 F.4th at 842.

"To be eligible for asylum, an applicant must prove either past persecution 'on account of' a statutorily protected ground or a well-founded fear that a protected ground will cause future persecution." *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021). "To be eligible for withholding of removal, an applicant must prove that it is more likely than not that []he will be persecuted or tortured because of a protected ground if returned to h[is] home country." *Id.* "Both standards contain a causal element known as the nexus requirement." *Id.* "An applicant must establish that a protected ground 'was or will be at least one central reason for persecuting the applicant'" *Id.* (quoting 8 U.S.C.

§ 1158(b)(1)(B)(i)). The protected ground cannot be "incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (citation and internal quotation marks omitted).

The Board based its denial of asylum and withholding of removal solely on Barrera-Castillo's failure to satisfy the nexus requirement. He invoked the protected grounds of "membership in a particular social group" and "political opinion" and argued that he was persecuted and feared persecution on those bases. 8 U.S.C. § 1158(b)(1)(B)(i). He defined his particular social group as "former captains of youth soccer teams in El Salvador" and stated that members of the Mara Salvatrucha had beaten and assaulted him after he expressed a political opinion against the gang.

Substantial evidence supports the finding of the Board. The record does not compel a finding that any persecution Barrera-Castillo suffered or fears occurred "because of" his status as a captain of a youth soccer team or because he expressed a political opinion. *See Sanchez-Castro*, 998 F.3d at 1286. Instead, the record establishes that members of the gang "were motivated by nothing more than the desire to further their criminal enterprise." Barrera-Castillo testified that "he was taking [his] friends out of being only just one step away from being in [the] Maras," and he answered "no" when asked whether there was any other reason gang members attacked him. He also testified that the reason gang members told his grandmother that they wanted to kill him was because he "had been taking [his] friends out of the gang." None of the evidence Barrera-Castillo submitted suggests that the Mara Salvatrucha target,

threaten, attack, or have any animus toward captains of youth soccer teams in El Salvador or that the Mara Salvatrucha targeted Barrera-Castillo because of a political opinion, actual or imputed. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001) ("An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." (alterations adopted) (citation and internal quotation marks omitted)).

Barrera-Castillo's remaining arguments—that the Board applied a higher standard of proof to his request for asylum and lacked subject-matter jurisdiction because of a defective notice to appear—also fail. The Board denied asylum and withholding of removal because Barrera-Castillo failed to satisfy the shared nexus requirement for each form of relief. *See Sanchez-Castro*, 998 F.3d at 1286. And *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148 (11th Cir. 2019), forecloses his jurisdictional challenge.

We **DENY** the petition for review.